**IT IS ORDERED as set forth below:**



**Date: October 9, 2012**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER: 13 |
| | : | |
| LANSDALE AUBREY LUCAS , | : | CASE NO.: 12-58779-WLH |
| CLAIRE DORIS LUCAS | : | |
| Debtor(s). | : | |
| _____ | :_____ | |
| LANSDALE AUBREY LUCAS , | : | |
| CLAIRE DORIS LUCAS | : | CONTESTED MATTER |
| Movant, | | |
| | : | |
| v. | : | |
| | : | |
| SETERUS, INC., SERVICER FOR FEDERAL | : | |
| NATIONAL MORTGAGE ASSOCIATION, | : : | |
| Respondent. | : | |
| _____ | : | |

**CONSENT ORDER ON MOTION TO VALUE AND DETERMINE SECURED STATUS
OF LIEN ON REAL PROPERTY AND TO BIFURCATE SECURED INTEREST IN
REAL PROPERTY (#31)**

The above styled Motion (hereinafter the "Motion") was filed on June 11, 2012 (Doc.

No. 31) seeking to cramdown a first priority lien on real property located at 3693 Belmont Abbey Drive, Decatur, GA 30034 (hereinafter the "Property").  The Motion asserted that Suntrust Mortgage, Inc. was the first priority lienholder on the subject property however, by virtue of a Corporate Assignment executed on July 9, 2012, showing Mortgage Electronic Registration Systems, Inc. solely as nominee for Suntrust Mortgage, Inc. as Assignor and Federal National Mortgage Association as Assignee, the current first priority lienholder on the subject property is Federal National Mortgage Association.  The loan is being serviced by Seterus, Inc.  The Motion was scheduled for a hearing before the Court on September 27, 2012 upon Notice of Assignment of Hearing.  The parties have reached an agreement. It is hereby

**ORDERED** that the Motion is granted in-part and denied in-part with terms more particularly set forth hereinafter. It is further,

**ORDERED** that for the purposes of the Debtors' Chapter 13 case, Respondent's claim #17 on the claims register filed on August 6, 2012 shall be paid as a secured claim to the value of $49,000.00 at 5.17478% interest.  It is further

**ORDERED** that the remainder of Respondent's claim shall be allowed as a general, unsecured claim.  It is further

**ORDERED** that Debtors shall be responsible for maintaining property taxes and insurance on the subject property.   If Respondent disburses taxes and/or insurance post petition on behalf of the Debtors, then Respondent shall be entitled to reimbursement of said amounts, including attorneys fees and costs attributed to recovery of said amounts, to be paid within a reasonable time during the life of the instant bankruptcy case.  Respondent shall be entitled to file a supplemental proof of claim to recover said amounts during the bankruptcy case and said amounts are deemed to be secured to be paid over and above the $49,000.00 plus interest as long

as the plan is amended to so provide otherwise, the secured amounts will remain due and owing after the case is completed.  Further, if the Debtors fail to amend the plan to provide for Respondent's supplemental proof of claim, then Respondent shall be entitled to file a Motion for Relief from the Automatic Stay the granting of which voids the terms of the cramdown and the loan terms shall revert to the original terms.  It is further

**ORDERED** that if the case is dismissed, closed without a discharge, converted to another chapter, or relief from the automatic stay is granted, then the cramdown shall be void and the loan terms shall revert to the original terms.  It is further

**ORDERED** that if the Debtor or Debtors transfer the subject property, refinance the loan on the subject property, or sell the subject property, prior to the completion of the instant Chapter 13 case and entry of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to 11 U.S.C. §1325(a)(5)(B), then the cramdown shall be void and the loan terms shall revert to the original terms and the Debtors shall pay the entire balance due on the mortgage in full at closing. It is further

**ORDERED** that the parties agree that Bankruptcy Rule 3002.1 does not apply to Respondent's, its successors and/or assigns, lien on this property as Respondent's lien is not provided for under §1322(b)(5) of the Code in the Debtors' Plan.

END OF DOCUMENT

(signatures on next page)

PREPARED AND PRESENTED BY:

**/s/  Whitney Groff**            .
Whitney Groff, Bar No. GA 738079
Attorney for Respondent
Aldridge Connors, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7508
Fax: (888) 873-6147
Email: wgroff@aclawllp.com

CONSENTED TO BY:

**/s/ Gregory Coleman (with express permission)**
Gregory D. Coleman, Bar No. 177525
Attorney for Debtor(s)
Gregory D. Coleman
Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court Suite A
Decatur, GA 30035
Phone:(404) 289-2244

NO OPPOSITION:

**/s/ Rebecca Pascarell (with express permission)**
Rebecca Pascarell, GA Bar No. 185720
Attorney for Trustee
Nancy J. Whaley
303 Peachtree Center Avenue
Suite 120
Atlanta, GA 30303
Phone: (678) 992-1201

DISTRIBUTION LIST

Nancy J. Whaley
303 Peachtree Center Avenue
Suite 120
Atlanta, GA 30303

Lansdale Aubrey Lucas
4123 Brooks Mill Dr
Lithonia, GA 30038

Claire Doris Lucas
4123 Brooks Mill Dr
Lithonia, GA 30038

Gregory D. Coleman
Burroughs Johnson Hopewell Coleman, LLC
4262 Clausell Court Suite A
Decatur, GA 30035