**IT IS ORDERED as set forth below:**



**Date: October 17, 2014**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-58779-WLH |
| | ) | |
| LANSDALE AUBREY LUCAS | ) | CHAPTER 7 |
| and CLAIRE DORIS LUCAS, | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| Debtors. | ) | |
| | ) | |
| | ) | |
| LANSDALE AUBREY LUCAS | ) | |
| and CLAIRE DORIS LUCAS, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| SUNTRUST MORTGAGE, INC., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER ON DEBTORS' MOTION TO STRIP LIEN**
**SECOND MORTGAGE AS UNSECURED**

1

This case came before the Court on October 16, 2014, on Debtors' Motion to Strip Lien Second Mortgage as Unsecured (the "Motion") (Docket No. 137).  The Motion asserts that the Respondent holds a claim secured by a deed to secure debt on real property owned by the Debtors known generally as 4123 Brooks Mill Drive, Lithonia, Georgia (the "Property"); that Respondent's deed to secure debt is subordinate to another deed to secure debt; and that the value of the Property is less than the amount of debt secured by the deed to secure debt with priority.

Movants contend the Motion and notice of a hearing on it were properly served on the Respondent.  Respondent did not file a response or appear at the hearing to oppose the motion.

The Motion seeks to void the junior security interest held by the Respondent pursuant to 11 U.S.C. §§ 506(a) and (d).  The United States Court of Appeals for the Eleventh Circuit held in *In re McNeal*, 2012 WL 1649853 (11th Cir. 2012), that the relief the Motion requests should be granted.  Because *McNeal* is an unpublished decision, however, it is not binding precedent pursuant to 11th Cir. R. 36-2 (2012).  Nevertheless, *McNeal* concludes that controlling precedent on this issue in the Eleventh Circuit is *In re Folendore,* 862 F. 2d 1537 (11th Cir. 1989), notwithstanding the Supreme Court's ruling after *Folendore* in *Dewsnup v. Timm,* 502 U.S. 410 (1992).  Because *McNeal* and *Follendore* provide a basis for the relief the Motion seeks and because the Respondent has not opposed the Motion, the Court will grant the motion.

It is, therefore, hereby **ORDERED and ADJUDGED** as follows:

1. The Motion is granted as set forth herein.

2. The lien on the Property held by the Respondent is deemed void with respect to the interest of the Debtors in the Property and shall be extinguished automatically, without further court order, upon entry of the Chapter 7 discharge in this case.

3.  In the event this case is dismissed, the lien of the Respondent shall not be affected by this Order in accordance with 11 U.S.C. § 349(b)(1)(C).

4.  In the event this case is converted to a case under another Chapter of the Bankruptcy Code, the rights of the Respondent with regard to its lien shall be governed by the provisions of the Bankruptcy Code applicable in the converted case such that the lien of the Respondent shall not be affected by this Order.

### ### END OF ORDER ###

**DISTRIBUTION LIST**

Lansdale Aubrey Lucas
Claire Doris Lucas
4123 Brooks Mill Dr
Lithonia, GA 30038

Johnson Hopewell Coleman, LLC
Bldg, C - Suite 322
4153 Flat Shoals Parkway
Decatur, GA 30034

Martha A. Miller
Chapter 7 Trustee
260 Peachtree St NW, Suite 2700
Atlanta, GA 30303

SunTrust Mortgage, Inc.
c/o Corporation Service Company
40 Technology Pkwy S, #300
Norcross, GA  30092

SunTrust Mortgage, Inc.
Attn:  Jerome T. Lienhard, II, CEO
901 Semmes Avenue
Richmond, VA  23224

SunTrust Mortgage, Inc.
Attn: Adrienne Heckstall, Bkr. Spec.
PO Box 85092
Richmond, VA  23286